OSCAR E. JONES, DEFENDANT IN ERROR, v. JOHN W. WHITTIER, PLAINTIFF IN ERROR.

Submitted March 22, 1909—Decided June 14, 1909.

A contract for the erection of a building provided for payment by installments of the contract price as the work progressed. The third payment was to become due "when house is enclosed, except window and door openings and porch floor;" the fourth, "when wall-board and patent plaster is on." *Held*, that the terms of these payments were completely expressed, that evidence in aid of construction was properly excluded, and that the contractor was not required to do the work excepted from the third payment in order to be entitled to the fourth payment.

On error to Bergen Circuit Court.

For the plaintiff in error, *Luther Shafer*.

For the defendant in error, *John M. Bell*.

The opinion of the court was delivered by

PARKER, J.    This is an action on mechanics' lien, brought by the contractor against the owner. The building contract was in writing, and provided for payment of the contract price in installments as the work progressed. The provisions of the contract that are material to the present inquiry are those relating to the third and fourth payments, viz.:

"*Third*. When house is enclosed, except window and door openings and porch floor, $1,300.

"*Fourth*. When wall-board and patent wall plaster is on, $1,200."

There was also a provision that the contractor should buy certain materials from the owner, and that the cost of the same should be credited on the contract price.

It was conceded that the third payment was earned and made. The contractor claimed the fourth payment as due, and the owner refused to make it on the ground that the work excepted in the third payment, the window and door openings and porch floor, formed part of the requirements for the fourth payment and must be done before that payment would become due. It was conceded, or fully proved, that the wall-board and patent plaster were on, thus complying with the express requirements of the fourth payment. It was also admitted that the porches and windows and door openings had not been completed. Upon the owner's refusal to pay the contractor abandoned the work and brought suit for the fourth payment, less credits for lumber purchased.

The case was tried on the theory that if the work had progressed sufficiently to call for the fourth payment plaintiff was entitled to recover.

The assignments of error bring up the refusal of the court to nonsuit and to direct a verdict, the exclusion of certain

evidence as to the customs of builders and certain language in the charge to the jury.

Under the assignments of error relating to the exclusion of evidence offered by defendant, the complaint is that defendant was prevented by rulings of the court from showing that, according to the usual and orderly method of constructing such a building as that in question in this case, the wall-board and patent plaster should not be put on until the doors and windows were in, or, at all events, until the window and door openings excepted from the third payment had been constructed, without passing on the question whether such evidence was competent and relevant to the issue that was in trial, it is enough to say that the assignments of error do not point out the exclusion of any evidence of this kind. The overruled questions brought up by the assignments are as follows:

"*Q.* If a contract provided that the third payment should be made when the house is enclosed, except window and door openings and porch floor, and the fourth payment provided that it should be due when wall-board and patent plaster are on, and it was admitted and was the fact that the windows were not in, that the window and door openings were not closed, the porch floors were not laid and the porches were not built, would or would not the fourth payment be due under those circumstances?

"*Q.* Now, then, if a contractor had omitted from his third payment, enclosing of window and door openings and porch floors, and proceeded to put on wall-board and plaster, would the fourth payment, under this particular contract, read in the light of the custom of builders, be due?"

It is obvious that these questions did not call for testimony as to the custom of builders, but for the construction that, in view of what the witness understood that custom to be, he himself would put upon the language of the contract. The questions were, therefore, properly overruled.

There was no error in the denial of motions to nonsuit and to direct a verdict. No grounds for the latter motion were stated. The grounds of the motion to nonsuit were that the

plaintiff had failed to make out a case and "that the plaintiff's evidence showed that the fourth payment was not due according to the terms of the contract, when the plaintiff demanded that payment, and plaintiff was not justified in refusing to proceed under the contract." There was nothing in the first ground to direct the court's attention to any essential feature of plaintiff's case as to which proof was lacking, and the second ground, that plaintiff was not justified in refusing to proceed, was based, not on the point that the contract was entire, but on the point that, according to the evidence, the fourth payment was not due. Even on defendant's theory that the language of the clauses as to payments was open to explanation by evidence of the custom of builders, there was evidence to show that it was neither customary nor proper to complete window and door openings before plastering, and that the porches are part of the last work to be done. A nonsuit in view of this evidence would have been improper.

All the foregoing points, however, become unimportant in view of the position taken by the court in charging the jury. The trial judge held that the contract was complete and definite on its face, and needed no parol evidence to explain it, and that its construction was a matter of law for the court, and instructed the jury that as the undisputed evidence showed that the wall-board and patent plaster were on as required in the clause providing for the fourth payment, that payment was due under the contract, and that the only point for the jury to consider was the amount of set-off to which defendant was entitled for material supplied by him to plaintiff. This was equivalent to construing the contract on its face as entitling the contractor to his fourth payment when the wall-board and patent plaster were on, and as not calling for the work excepted in the third payment as a prerequisite of the fourth. We think this construction was right, and that if the parties intended that this excepted work was to be done before the fourth payment became due it should have been so stated in the clause providing for that payment.

This view of the case disposes of all the assignments of error. The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOOR-HEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 15.

*For reversal*—None.